UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID A. CURTIN,

                Plaintiff,

v.                                            Civil Action No. _____

GC SERVICES, LIMITED PARTNERSHIP,       **JURY TRIAL DEMANDED**

                Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff David A. Curtin is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, GC Services Limited Partnership, (hereinafter "GC Services") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a student loan to the U.S. Department of Education. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Defendant GC Services was employed by the U.S. Department of Education to collect the subject debt.

12. That on or about February 4, 2008, Defendant called Plaintiff at work. That Defendant immediately stated that Defendant had a "wage garnishment order" against him. That Plaintiff expressed shock at Defendant's threat, and requested that he be allowed to call her back. Defendant replied "No, we can't wait. We are sending out the garnishment today."

13. That Defendant thereafter told Plaintiff "I see that you're a professor—does anyone else know about this? How embarrassing it would be if others knew that a professor defaulted on his student loans." Upon hearing Defendant's statements, Plaintiff became very upset.

14. That at no time relevant herein did Defendant ever prepare a wage garnishment notice, nor did they intend to issue or mail such a notice as threatened.

15. That as a result of Defendants statements Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

16. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(b), 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by threatening to disclose the existence of Plaintiff debt to third parties.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f by falsely representing that they would be sending out a wage garnishment notice "today"..

18. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff David A. Curtin demands trial by jury in this action.

Dated: February 22, 2008

s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff David A. Curtin affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: February 22, 2008                          /s/David A. Curtain
                                                  David A. Curtin